## Illinois Central Railroad Company v. Daniel Overlease.

1. VERDICTS—*When Not to Be Set Aside.*—Before an Appellate Court can disturb a verdict on the ground that it is not supported by the evidence, no error of law appearing in the record, it must be shown to be manifestly against the weight of the evidence.

**Trespass on the Case,** for killing domestic animals. Appeal from the Circuit Court of Fayette County; the Hon. JACOB FOUKE, Judge, presiding. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

FARMER, BROWN & TURNER, attorneys for appellant; V. WARNER, of counsel.

HENRY & QUINN, attorneys for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellant killed at one time a mule and at another a hog which belonged to appellee, and this suit was brought to recover the value of the two animals. A liability, under the evidence, for the hog, is conceded by appellant, but it is contended that the evidence does not justify a verdict for the value of the mule.

This is the only question presented by appellant for our consideration. The rulings of the trial court in admitting and rejecting evidence and in instructing the jury are not questioned.

It is the well-settled law of this State that, before an Appellate Court can disturb a verdict on the ground that it is not supported by the evidence, no error of law appearing in the record, the verdict must be shown to be manifestly against the weight of the evidence.

In this case the negligence of appellant, relied upon as furnishing the ground for a recovery, was the failure to ring the bell or sound the whistle, as required by law, on approaching a public highway. The evidence on this point was conflicting, and the verdict of the jury must be re-

garded as settling the question. The alleged contributory negligence of appellee's servants in attempting to cross the railroad track was also a question for the jury. They stopped the team and looked and listened for a train, but saw nothing, heard nothing, till they were too close to the track to prevent the collision. The evidence was conflicting as to whether or not the embankment at the side of the track, with the luxuriant growth of weeds upon it, concealed the train, running in the cut, from one approaching the crossing on the public highway. Some say yes, some say no. At any rate such a state of facts was shown as authorized the jury to find that appellee's servants were not guilty of negligence. In a case like this it is folly to hint at the supposed duty of this court to take a position in the jury box, and if the evidence is equally balanced on the questions of negligence, to find in favor of the defendant.

The duty of this court, under the law, is to sustain the verdict unless it is manifestly against the weight of the evidence; and a careful examination of the record has convinced us that the verdict is not manifestly against the weight of the evidence; therefore the judgment is affirmed.